IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH E. MATHEWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-107-ECM-WC |
| | ) | |
| KARLA WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff Joseph E. Mathews filed this suit against Defendant Karla Wilson asserting a claim pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. Doc. 1-1.  The case was originally filed in the Circuit Court of Houston County, Alabama; however, Defendant removed the action to federal court (Doc. 1) and filed a Motion to Dismiss (Doc. 3).  The action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636. Doc. 4.

On March 2, 2020, the undersigned ordered Plaintiff to file a response to Defendant's Motion to Dismiss by March 16, 2020. Doc. 5.  Plaintiff failed to file a response, so the undersigned issued an Order on June 22, 2020, giving Plaintiff another opportunity to respond to Defendant's motion by July 6, 2020. Doc. 6.  The Order also specifically cautioned Plaintiff that, "should he fail to respond to Defendant's motion or fail to comply with [the] Order, the Magistrate Judge will recommend that his Complaint

be dismissed." *Id.* The Clerk's docket reflects that the Order date June 22, 2020, was served on Plaintiff on June 24, 2020. Doc. 7.

Despite being warned of a possible dismissal of his case, Plaintiff has failed to comply with the Court's orders requiring him to respond to Defendant's Motion to Dismiss. Therefore, the undersigned concludes this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that, where a litigant has been forewarned, dismissal for failure to obey a court order is generally not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, it is the RECOMMENDATION of the undersigned that this case be DISMISSED without prejudice for failure of the Plaintiff to prosecute this action and comply with court orders. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 27, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or

general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 13th day of July, 2020.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE